**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 FEB 14  P 2: 1

U.S. DISTRICT COUR
DISTRICT OF MASS

| | |
|---|---|
| CAVENDISH FARMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. **05 - CV - 10267 - WGY** |
| | ) |
| PRIME POULTRY CORP. and, ERIC | ) |
| TALCOFSKY, individually; SUSAN | ) |
| TALCOFSKY-AGUIAR, individually; | ) |
| and RUTH TALCOFSKY, individually, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER**
**ESTABLISHING PACA CLAIMS PROCEDURE**

Cavendish Farms, Inc. (the "Plaintiff"), pursuant to Rule 83 of the Federal Rules of Civil

Procedure ("Federal Rules"), hereby requests the Court to enter an Order establishing a procedure

for dealing with the claims of the Plaintiff and all other unpaid sellers who have claims arising under

the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2000 & Supp. 2001)

(the "PACA"). In support of its Motion, Plaintiff states as follows:

BACKGROUND

1.      On February 9, 2005, the Plaintiff initiated the present action to, *inter alia*, compel

the defendants, Eric Talcofsky, Susan Talcofsky-Aguiar, and Ruth Talcofsky, each individually

("Principals"), and Prime Poultry Corp. (the "Company") (the Principals and the Company are

together referrred to as the  "Defendants"), to comply with the provisions of the PACA and to

compel the turnover of the PACA trust *res* to the Plaintiffs in the amount of $23,376.88.

2.      Plaintiffs have been advised of the existence of other unpaid suppliers of agricultural

commodities ("Produce") to the Defendants.  These additional claims arise under the same

provisions of the PACA and seek the same relief requested herein, namely the foreclosure of the

PACA trust for the benefit of all claimants who properly preserved their rights as PACA trust beneficiaries.

3. Because there appear to be more unpaid suppliers of Produce who have yet to assert their claims through litigation, the Plaintiff submits that a procedure is necessary to (a) provide a single framework for the equal treatment of all PACA trust claims against the Defendants; and (b) avoid the duplication of efforts likely to result from multiple separate actions all seeking the same relief.

4. It further appears that the Company is in the process of liquidating all its assets. It is reported in the industry that most of the Company's employees have been terminated, and telephone calls regarding PACA trust debts have gone unanswered.

5. At least one other PACA lawsuit against the Company has been filed, in the United States District Court for the Southern District of New York, entitled Endico Potatoes, Inc. v. Prime Poultry Corp., et al., numbered 1:05-cv-01150-LAP. There, the plaintiff seeks payment of approximately $8,8,873.

6. The Company and all of its Principals are located within this district, as is the PACA trust res, so it is appropriate that a claims procedure be implemented in this district.

7. Through the proposed PACA Claims Procedure, the Court and all parties in interest will be able to identify all potential PACA trust claims, invite them to substantiate their claims and provide an orderly mechanism for identifying, marshaling and disbursing the available trust assets to them in a prompt and efficient manner.

8. By invoking this Court's *in rem* jurisdiction over the single pool of PACA trust assets from which all potential claimants must be paid, this proposed claims procedure will ensure equal

2

treatment for all PACA trust claims and will provide the necessary finality in the distribution of the PACA trust assets.

9.     The PACA requires all entities dealing in Produce to hold the inventory of the Produce and the receivables derived from sale of the Produce, as well as the products and proceeds thereof, in trust for the benefit of all unpaid Produce suppliers who have properly preserved their trust rights in accordance with the PACA (the "PACA Trust Beneficiaries").

10.     The PACA Trust creditors come ahead of all of the Company's other creditors.

11.     Under the PACA, Defendants were required to maintain the PACA Trust at a fully-funded level to guarantee the full and timely payment of all trust claims held by PACA Trust Beneficiaries.

12.     Rather than doing so, Defendants dissipated the trust assets to such a level that there are currently insufficient assets in the trust to satisfy the claims of all trust beneficiaries as required under the PACA.

13.     Because all unpaid sellers who delivered Produce to the Defendants are potential PACA Trust Beneficiaries, each may be entitled to share in the distribution of the PACA Trust Assets. Accordingly, each of these potential claimants needs an opportunity to present its claims in an orderly and timely fashion to facilitate a prompt distribution of the PACA trust assets to all qualified trust beneficiaries.

14.     In summary, this entails a two (2) step process. The first is to segregate and account for the PACA trust assets. These assets will be collected and liquidated for disbursement to qualified PACA trust beneficiaries. The second is to identify all potential trust beneficiaries and scrutinize their claims to determine which are properly entitled to trust protection under the PACA.

3

15.     Notice of the claims procedure will put all potential PACA Trust Beneficiaries on notice of a schedule for the handling of the PACA trust claims against the Defendants. Plaintiff proposes the following schedule (all cumulative from the date of entry of the proposed Order):

**Defendants to Deliver A/P Listing to Counsel** . . . . . . . . . . . . . . . **5 bus. days**
**Counsel to Issue Notice & Publication Requests** . . . . . . . . . . . . . **5 bus. days**
**Deadline to Intervene and File & Serve PACA Proof of Claim.** . **30 days**
**Objections to any PACA Proof of Claim Due** . . . . . . . . . . . . . . . . **21 days**
**Replies to Claims Objections Due** . . . . . . . . . . . . . . . . . . . . . . . . **14 days**
**Interim Pro-rata Disbursement of**
**Available Funds to Undisputed Claims** . . . . . . . . . . . . . . . . . . . . . **7 days**

Upon entry of any Order, Counsel will calculate the exact dates based upon the above framework and all Notices will contain the specific dates for each step in the claims procedure.

16.     Similar claims procedures and similar schedules have been implemented in courts throughout the country.

17.     Pursuant to the claims procedure proposed herein, each unpaid supplier of Produce to the Company holding a claim for nonpayment for Produce and alleging rights under the PACA Trust, will be required to file with the Clerk of the Court for this District, and serve on Counsel for Plaintiff and Defendants, on or before the Proof of Claim deadline, a Proof of Claim together with *similar to that provided as Exhibit B* any and all documents supporting its claim and a Complaint in Intervention which complies with Rule 24 of the Federal Rules of Civil Procedure. Once filed, the PACA Proof of Claim and the Complaint in Intervention will subject the creditor to the jurisdiction of this Court.

18.     Plaintiff requests that all the claimants be required to also serve a copy of their Proofs of Claim upon its counsel and counsel for the Defendants.

19.     Any supplier of Produce to the Defendants who receives actual notice of the claims procedure and the Notice of Deadlines, yet fails to timely file such proof of claim with the Court will

4

be foreclosed and forever barred from thereafter asserting any claim against the Company, its officers or employees, under the PACA or for non-payment of Produce sold, whether in this Court or any other forum. This is an important provision, because it will prevent those trust creditors from later seeking disgorgement of PACA trust funds from those claimants who participate in the claims procedure.

20.     By providing a framework for equal treatment of all potential PACA trust claims without the expense and delay of multiple separate actions all seeking the same relief, each qualified PACA trust beneficiary will benefit from the efficient marshaling of the available PACA trust assets through the proposed procedure.

**FOR THESE REASONS**, and those set forth in the accompanying Memorandum of Law in support of this Motion, the Plaintiff respectfully requests the Court to enter an Order establishing a PACA Claims Procedure in a form similar to the draft Order attached as Exhibit A, and for such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully Submitted,

Feb. 14, 2005

CAVENDISH FARMS, INC.

By: _____
One of Its Attorneys

Paula Bonnell (BBO # 049180)
PAULA     BONNELL     PROFESSIONAL
CORPORATION (PBPC")
50 Congress Street, Suite 840
Boston, Massachusetts 02109
Tel:  617/367-5990

Of Counsel:
Mary E. Gardner (#MG5314)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
E-mail: gardner@pacatrust.com

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CAVENDISH FARMS, INC.,                    )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Case No. 05-CV-10267-WGY
                                          )
PRIME POULTRY CORP. and, ERIC             )
TALCOFSKY, individually; SUSAN            )
TALCOFSKY-AGUIAR, individually;           )
and RUTH TALCOFSKY, individually,         )
                                          )
                    Defendants.           )

### PROPOSED ORDER ESTABLISHING PACA CLAIMS PROCEDURE

This matter came before the Court on the Motion of Cavendish Farms, Inc. (the "Plaintiff"),

for entry of an Order establishing a procedure for dealing with all potential trust claims asserted

under Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2000 & Supp. 2003)

(the "PACA") .

Upon this Motion, the Court finds as follows:

A.      Plaintiff has asserted PACA trust claims against the defendants, defendants, Eric

Talcofsky, Susan Talcofsky-Aguiar, and Ruth Talcofsky, each individually ("Principals"), and Prime

Poultry Corp. (the "Company") (the Principals and the Company are together referrred to as the

"Defendants").    These trust claims are based on Plaintiff's sales of fresh and frozen fruits and

vegetables ("Produce") to the Defendants.

B.      Section 499e(c) and the related trust provisions of the PACA establish a statutory

non-segregated trust under which the Defendants must hold all inventory, proceeds and receivables

from the sale of Produce, as well as any and all assets acquired or maintained with such proceeds,

in trust for the benefit of unpaid and properly preserved PACA trust claims. Among those assets,

which are clearly within the scope of the PACA trust, are the accounts receivable generated in the name of the Defendants (the "Receivables"). These Receivables, as well as all other assets held in the Defendants' name, are properly within the scope of the PACA trust and are herein referred to as the "PACA Trust Assets."

C.    This Order is necessary to facilitate the recovery and disbursement of the PACA Trust Assets by resolving any disputes between potential beneficiaries of this trust, minimizing administrative costs, determining the amount of valid claims to the assets, providing a framework for distributions of the PACA Trust Assets pro-rata to qualified PACA trust claimants ("PACA Trust Beneficiaries"), and to prevent multiple separate actions to enforce the Defendants' obligations vis-a-vis the PACA trust.

Based on the foregoing, **IT IS HEREBY ORDERED, as follows:**

I.    INJUNCTION

1.    Any and all pending actions by or on behalf of other persons or entities holding claims against any of the Defendants which arise under or relate to the PACA or unpaid deliveries of Produce are hereby stayed and all subsequent actions by any unpaid seller of Produce to the Company are hereby barred. This prohibition shall apply to all actions or proceedings before the USDA and in all courts or other forums pending further Order of this Court. Except as set forth herein, all persons or entities having unsatisfied claims against the Defendants arising under or relating to the PACA for unpaid deliveries of Produce to the Defendants shall have the right to seek a recovery on such claims in this action only by following the procedure established herein.

2.    The Company shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable and all other personal or business assets to this Court and to

2

the undersigned Counsel, within two (2) business days of the date of this Order. The Company and its Principals shall assist Counsel in identifying PACA and non-PACA accounts payable and accounts receivable.

3.      This Order will be binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order. In this regard, the Company is hereby directed to serve a copy of this Order on all financial institutions with which the Company does any business or who may be holding any assets for or on behalf of the Company.

4.      In recognition of the fact the Defendants are currently in possession of 100% of the PACA Trust Assets at issue, the Court hereby finds good cause to set any bond that may otherwise be required in this matter at $0.00.

II.     ESTABLISHMENT OF PACA TRUST ACCOUNT:

5.      The Company is hereby directed to, within two (2) business days of the date of this Order, open an interest-bearing account at any chartered financial institution within this federal district, with such account to be opened under the account name of "Prime Poultry PACA Trust Account," for the benefit of all qualified PACA trust beneficiaries to hold the PACA Trust Assets until further Order of this Court (the "PACA Trust Account").

6.      The Company is similarly directed to, within two (2) business days of the date of this Order, open an interest-bearing account at the same financial institution as the account referenced in ¶ 5 above, with such account to be opened under the account name of "Prime Poultry Escrow Account," for the benefit of all non-PACA creditors to hold the proceeds of all assets other than collected Receivables until further Order of this Court (the "Escrow Account").

3

7.    Plaintiffs' Counsel ("Counsel"), through its local attorney admitted to practice before this Court, will serve as the signatory on both the PACA Trust Account and the Escrow Account.

8.    Counsel shall file reports of all account activity with the Court, and serve upon all undersigned counsel, on at least a monthly basis or otherwise as the Court may request.  No distributions or withdrawals shall be made from this trust account except by further order of this Court except or as otherwise authorized herein.  Counsel shall render a detailed accounting to all undersigned counsel of all sums collected every two (2) weeks, and Counsel shall render a detailed listing of the Company's outstanding Receivables on or before the 15th of every month.

9.    Immediately upon opening both the PACA Trust Account and the Escrow Account, the Company shall transfer any and all sums held in the Company's name, or otherwise derived from the Company's Receivables, into the PACA Trust Account and shall continue depositing all sums recovered on the Company's Receivables into this account, for the benefit of all qualified PACA trust beneficiaries.  Similarly, the Company shall deposit into the Escrow Account any and all sums derived from liquidations of the Company's assets other than Receivables.

10.    Any and all interest which accrues on the funds in both the PACA Trust Account and the Escrow Account, from the date the PACA Trust Account is opened to the date of disbursement to qualified trust claims, shall follow the funds into the hands of the creditor ultimately deemed entitled to such funds.  To the extent any claimant proves up its claim, the date from which pre-judgment interest shall accrue in favor of the PACA Trust Beneficiaries may actually be earlier, depending upon the terms of the parties' contracts.

III.    FUNDING OF THE PACA TRUST ACCOUNT

4

11.    The Company, for and on behalf of all potential PACA Trust Beneficiaries, shall collect the Company's Receivables through any reasonable means and the gross amounts recovered shall be deposited into the PACA Trust Account.

12.    All proceeds from collection of all Receivables or other debts owed to the Company shall be placed in the PACA Trust Account.  Any and all proceeds from the sale or transfer of any assets other than the Company's Receivables, as the Court may approve upon notice and motion, shall be placed in the Escrow Account.

13.    The Company shall also sell any and all assets, other than the Receivables, through any reasonable means, and shall deposit the gross proceeds of any such sale into the Escrow Account for the benefit of all creditors of the Company, including, but not limited to, PACA trust claimants.

14.    The rights of any and all creditors or other interested parties, including, but not limited to, the PACA trust claimants, to the sums in the Escrow Account shall be preserved and maintained until further Order of this Court.

IV.    PACA CLAIMS PROCEDURE

15.    The Company shall, within two (2) business days from the date of this Order, provide Counsel with a detailed listing of all accounts payable for which payment has not been made and all outstanding Receivables.  The listing shall specifically include the full name, address and account balance for each account and shall indicate whether the listed persons or entities relate to the sale of Produce.

16.    Counsel shall then, within five (5) business days from the date of this Order, issue a written notice ("the Notice") to all such potential claimants directing them to file a verified claim together with all dates and deadlines relevant to this claim procedure to each and every entity on the

5

Defendants' listing of accounts payable. Such written notice shall be accompanied by a copy of this Order and a PACA Proof of Claim form ("Proof of Claim") for the convenience of the recipient, and shall be sent via certified mail, return receipt requested or equally verifiable means to prove delivery upon the recipient.

17.    The Notice shall be structured on the following schedule:

**Defendants to Serve A/P and A/R Listings** . . . . . . . . . . . . . . . _____

**Counsel to Issue Notice of Deadlines** . . . . . . . . . . . . . . . . . . . _____

**Deadline to Intervene & File PACA Proof of Claim** . . . . . . . _____

**Objections to any PACA Proof of Claim Due** . . . . . . . . . . . . . _____

**Replies to Claims Objections Due** . . . . . . . . . . . . . . . . . . . . . . _____

**Interim Pro-rata Disbursement of**

**Available Funds to Undisputed Claims** . . . . . . . . . . . . . . . . . . _____

18.    Each unpaid supplier of Produce to the Company holding a claim for nonpayment for Produce and alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District, and the undersigned Counsel, on or before the Proof of Claim deadline, a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and a Proof of Claim, together with any and all documents supporting its claim.

19.    To be effective, each claimant shall also serve a copy of its Complaint in Intervention and Proof of Claim upon the following individuals:

For Plaintiffs/PACA Claimants -                For the Defendants -

Mary E. Gardner, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500

6

20.    Any supplier or creditor who fails to timely file such complaint and proof of claim with the Court and serve it on those persons listed in ¶ 19 above, shall be forever barred from thereafter asserting any claim against the Company under the PACA or for non-payment of Produce sold, whether in this Court or any other forum.  While claimants may be represented by counsel of their choice in this matter, all claims shall be verified by either the owners or the authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

21.    Any party wishing to review or copy any documents may make arrangements with the Clerk of the Court or those persons listed in ¶ 19 above to view the documents, or arrange for copying at the requesting party's expense.

22.    Any objections to any PACA claims must be filed with the Clerk of the Court and served upon those persons listed in ¶ 19 above as well as the PACA claimant whose claim is the subject of the Objection.  Any and all such objections must be filed and served on or before the "Objection Deadline."  The objection must set forth in detail the legal and factual basis for the objection to each invoice subject to the objection.

23.    On or before the "Reply Deadline," any PACA claimant whose claim is subject to an objection may file with the Court a detailed response to any objection received, and serve those persons listed in ¶ 19 above as well as the PACA claimant whose claim is the subject of the Objection.

24.    Any PACA claim listed on a Proof Of Claim to which no objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof Of Claim.

7

25.     The claimant and the objecting party shall thereafter exercise best efforts to resolve any Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection in not withdrawn, such dispute shall be submitted to the Court for summary resolution pursuant only to the objection, response and reply.

26.     After the Objection Deadline, Counsel shall prepare a chart listing each person or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds"). The PACA Trust Chart shall be filed with the Court and served upon all PACA Trust Beneficiaries having properly and timely filed a PACA Proof of Claim.

27.     In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Defendants' obligations under the PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshaling the PACA Trust assets for their direct benefit, Plaintiff may request reimbursement of its fees and costs on a common fund theory, with such allowed fees and costs to be paid from the common fund created through this procedure, and with such amounts to listed on the PACA Trust Chart for any objections by qualified PACA trust claimants.

28.     If no PACA Trust Beneficiary files an objection to its proposed pro-rata distributions and common fund fee figures as listed on the PACA Trust Chart within ten (10) days of its being filed, all proposed distributions shall be conclusively determined. Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for

8

ruling. In any event, Counsel shall file both a motion for approval of the Proposed Distribution and a draft order directing Counsel to disburse the Available Funds to the holders of valid PACA trust claims in accordance with, and as set forth in, the PACA Trust Chart.

29.    The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

30.    This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

**IT IS SO ORDERED.**

**Date:** _____

_____
**United States District Judge**

9

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAVENDISH FARMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. $05-CV-10267-WGY$ |
| | ) |
| PRIME POULTRY CORP. and, ERIC | ) |
| TALCOFSKY, individually; SUSAN | ) |
| TALCOFSKY-AGUIAR, individually; | ) |
| and RUTH TALCOFSKY, individually, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED PACA PROOF OF CLAIM

I, _____, hereby declare under penalty of perjury the following is true and correct:

1.    I am the _____ for _____ (hereinafter, the "Claimant"), and I file this Proof of Claim and declare under penalty of perjury the following to be true statements and the attached documents to be true and correct copies of original documents, which are filed with this Proof of Claim for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against the assets of Prime Poultry Corp. (the "Company").

2.    I am authorized to make this Proof of Claim on behalf of the Claimant as the holder of a qualified PACA trust claim against the Company and am competent to testify regarding the statements made in this Proof of Claim.

3.    The Claimant:

[  ]    was the holder of a USDA-issued PACA license (PACA license no. _____)
which was in good standing at the time of each transaction included in this claim, or;

[  ]    did not hold a valid USDA-issued PACA license at the time of the transaction(s)
included in this claim.

4.    Claimant sold perishable agricultural commodities ("Produce") to the Company as

described in the invoices attached to this PACA Proof of Claim as Group Exhibit A.

5.    In each instance, the Company received and accepted the Produce. No adjustments

or payments have been made on the invoice amounts except as listed. The attached chart uses the

following terms which shall have the described meaning:

A.    **"Invoice Number"** refers to the number of the invoice under which Claimant sold
the produce to the Company.

B.    **"Date Of Transaction"** refers to the date which begins the payment term between
the Claimant and the Company.

C.    **"Payment Due Date"** refers to the date payment was due based upon the payment
term between the Claimant and the Company.

D.    **"Notice Date"** refers to the date the Claimant served its invoice containing the
statutory trust language on the Company or, otherwise served its notice of intent to
preserve trust benefits on the Company.

E.    **"Elapsed Days"** refers to the total number of days between the payment due date and
the date Claimant filed and served the trust notice.

F.    **"Invoice Amount"** refers to the amount owed on each invoice regardless of whether
the particular invoice amount qualifies for trust protection.

G.    **"Balance Due"** refers to the amount owed on each invoice after allowing credit for
any payments made by the Company.

H.    **"Accrued Interest"** refers to the amount of contractual interest which has accrued
to date due to the Company's non-payment (only if rate is stated on face of invoice).

I.    **"Current Balance"** refers to the sum of the invoice amount, balance due, accrued
interest and costs of collection, if applicable.

J.    **"Trust Amount"** refers to the amount owed and remaining unpaid which is entitled
to trust protection as a result of Claimant's satisfaction of the applicable PACA
regulations.

2

6.    The sale transactions between Claimant and Company were based on the following payment terms: Payment was due _____ days from the date of shipment.

7.    The Claimant preserved its rights as a PACA trust beneficiary by (choose one):

_____ including  the statutory trust preservation language on the face of its invoice(s); **or**

_____ sending the Company separate Notices of Intent to Preserve Trust benefits.

8.    Between _____ and _____, I served each unpaid invoice contained in Group Exhibit A on the Company via the following method, by mail to

_____ _____  _____ ____

_____ _____  _____ ____

9.    As of _____, the total amount past due and unpaid from Company totals $___ _____, of which the amount of $_____ qualifies for PACA trust protection, all as set forth in the invoice(s), chart and exhibits attached hereto as Group Exhibit A.

## I DECLARE THE ABOVE STATEMENT TO BE TRUE AND CORRECT UNDER PENALTY OF PERJURY AS SET FORTH IN 28 U.S.C. § 1746.

DATED: _____


_____
(Name of Claimant)


**To be signed by Officer or Owner:**     Signature:_____
_____(name)
_____ (title)


3

## PACA TRUST CHART

Claimant: _____

Date: _____

Debtor: _____    Prime Poultry Corp

Terms: _____

| INVOICE NUMBER | DATE OF TRANSACTION | PAYMENT DUE | NOTICE DATE | ELAPSED DAYS | INVOICE AMOUNT | BALANCE DUE | ACCRUED INTEREST | CURRENT AMOUNT | TRUST AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
| TOTALS |  |  |  |  | $    - | $    - | $    - |  | $    - |

*Interest calculated through the date set forth above

Page 1