UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAVENDISH FARMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-10267-WGY |
| ) | |
| PRIME POULTRY CORP. and, ERIC ) | |
| TALCOFSKY, individually; SUSAN ) | |
| TALCOFSKY-AGUIAR, individually; ) | |
| and RUTH TALCOFSKY, individually, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH PACA CLAIMS PROCEDURE

Cavendish Farms, Inc. (the "Plaintiff"), in further support of its Motion for Entry of Order Establishing PACA Claims Procedure (the "Motion"), to deal with the claims of the Plaintiff and all other potential claims asserted under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2000 & Supp. 2003) (the "PACA"), submits the following discussion of authorities on the issues the Motion presents.

### INTRODUCTION

Under the PACA, "a creditor may seek to preserve the benefits of a trust established under that title." In re John DeFrancesco & Sons, Inc., 114 B.R. 335, 336 (Bkcy. D. Mass 1990). "In essence, PACA creates a trust in favor of the seller of unpaid goods which is superior to the interest of the buyer's secured lender." Hiller Cranberry Products, Inc. v. Koplovsky, 165 F.3d 1, 11 (1st Cir. 1999). "PACA is a remedial statute that should be given a liberal construction in favor of promoting Congress' intended purpose." Id., at 17. That purpose is "'to establish increased production and an

effective remedy for sellers, suppliers and agents.'" Id., at 17, quoting, In re W.L. Bradley Co., Inc., 75 B.R. 505, 511 (E.D. Pa. 1987).

However, while the PACA statute provides many things, one notable provision which is lacking is a procedure for resolving the issues between co-trust beneficiaries to a single trust res. As described in detail below, the single body of PACA trust assets must be administered in such a way as to preserve the rights of all potential trust beneficiaries until the trust can be discharged through a final disbursement of the corpus of the trust. The Plaintiff submits sufficient authority exists for this Court to exercise its *in rem* jurisdiction over the single pool of PACA trust assets.

The proposed procedure seeks to establish a framework under which all potential PACA trust claimants can submit their claims for verification and disbursement without the duplication of efforts and waste of resources involved in multiple separate actions all seeking the same relief. To this end, the Plaintiff will begin with a brief discussion of the absence of controlling law to the contrary and finish with the statutory basis for the Court's action as proposed in the Plaintiffs' Motion.

A) **IN THE ABSENCE OF A CLAIMS PROCEDURE IN THE STATUTE, THE COURT SHOULD ESTABLISH A GLOBAL CLAIMS PROCEDURE TO ENSURE ALL TRUST BENEFICIARIES ARE TREATED EQUALLY.**

"The PACA contains no mechanism for the administration and distribution of trust assets." In re United Fruit and Produce, 119 B.R. 10, 11 (Bankr. D. Conn. 1990). Accordingly, the issues relating to the marshaling of assets, validation of claims and distribution of the proceeds are left to the province of the courts. The courts, having faced such issues, are nearly unanimous in their support of the propositions that all potential claimants are entitled to share in the PACA trust *res* and that trust assets cannot be reserved for one beneficiary to the detriment of others. See, e.g., Fresh Kist Produce, LLC v. Choi Corp., Inc., 223 F.Supp. 2d 1 (D. D.C. 2002); In re Milton Poulos, Inc.,

2

947 F.2d 1351 (9th Cir. 1991); In re Norman's Country Market, 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989); Finest Fruits v. Korean Produce Corp., 1988 WL 96028 (S.D.N.Y. 1988). In light of the impossibility of any single PACA claimant obtaining a distribution of the PACA trust assets without the rights of all claimants being bound, Plaintiff respectfully states the proposed claims procedure is necessary and required in this matter to provide a prompt and efficient distribution of the available PACA trust assets to all qualified beneficiaries while preventing further dissipation of the trust assets.

### B) FEDERAL RULE 83 PROVIDES AMPLE AUTHORITY FOR THE COURT TO ESTABLISH AND ENFORCE THE PROPOSED CLAIMS PROCEDURE.

Rule 83 of the Federal Rules of Civil Procedure (the "Federal Rules") states as follows:

**(b) Procedures When There is No Controlling Law.**

A judge may regulate practice <u>in any manner consistent with federal law</u>, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Federal Rule 83(b (emphasis added). The comments to this section state the purpose of the rule was to provide "flexibility to the court in regulating practice when there is no controlling law." See Advisory Committee Notes to 1995 Amendments.

In a PACA trust setting, the courts having previously addressed these issues have determined there is "no controlling law" to the contrary that could preclude the Court's ability to establish a PACA Claims Procedure in this case pursuant to Order. In accordance with Federal Rule 83, the procedures and deadlines outlined in the Plaintiff's proposed Claims Procedure Order will be binding on all entities receiving actual notice of the entry of this Order. To ensure the broadest possible

coverage, Plaintiff's Counsel will be issuing a copy of the entered Claims Procedure Order to all unpaid suppliers of goods to the Defendant as part of this procedure. In this way, any and all persons having a potential claim against the PACA trust *res* will be invited to submit their claim for review or be forever barred from asserting such a claim. Only after all potential PACA trust claimants have been identified, and the validity of their claims tested, can all of the claimants (including the Plaintiff herein) receive their share of the PACA trust assets. See, Fresh Kist Produce, LLC v. Choi Corp., Inc., 223 F.Supp. 2d 1 (D. D.C. 2002).

## C. A COMMON FUND RECOVERY FOR PLAINTIFF REIMBURSING IT THE COST OF SETTING UP AND IMPLEMENTING THE CLAIMS PROCEDURE IS APPROPRIATE.

"A common fund award 'is an equitable award made at the discretion of the district court.' Kargman v. Sullivan, 589 F.2d 63, 69 (1st. Cir. 1978). 'Moreover, because each common fund case presents its own unique set of circumstances, trial courts must assess each request for fees and expenses on its own terms.' In re Fidelity/Micron Securities Litig., 167 F.3d 735, 737 (1st Cir. 1999). The trial court enjoys 'extremely broad' latitude in determining the appropriate shares of the common fund, and may calculate such an award either on the basis of a reasonable percentage of the fund, or using a lodestar method to multiply a reasonable hourly rate by the compensable hours the attorney worked on the matter. In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire, 56 F.3d 295, 307, 309 (1st Cir. 1995)". U.S. v. 8.0 Acres of Land, 197 F.3d 24, 33 (1st 1999). Diane Weisburgh v. Fidelity Magellan Fund (In Re: Fidelity/Micron Securities Litigation ), 167 F.3d 735, 737 (1st Cir. 1999).

4

## CONCLUSION

Due to the lack of controlling law to the contrary, and the clear authority conferred on this Court under Federal Rule 83(b) to establish a procedure for disposition of all claims against the single PACA trust res in this matter, the Plaintiff respectfully requests the Court to enter the proposed Order Establishing a PACA Trust Claims Procedure or to modify it as the Court deems necessary.

Respectfully submitted,

CAVENDISH FARMS, INC.

Feb. 14, 2005

By: _____
One of Its Attorneys

Paula Bonnell (BBO # 049180)
PAULA BONNELL PROFESSIONAL CORPORATION (PBPC")
50 Congress Street, Suite 840
Boston, Massachusetts 02109
Tel: 617/367-5990

Of Counsel:
Mary E. Gardner (#MG5314)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
E-mail: gardner@pacatrust.com