UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAVENDISH FARMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-10267-WGY |
| ) | |
| PRIME POULTRY CORP. and, ERIC ) | |
| TALCOFSKY, individually; SUSAN ) | |
| TALCOFSKY-AGUIAR, individually; ) | |
| and RUTH TALCOFSKY, individually ) | |
| ) | |
| Defendants ) | |

**OPPOSITON TO PLAINTIFF'S MOTION FOR ENTRY OF
ORDER ESTABLISHING PACA CLAIMS PROCEDURE**

Stewart F. Grossman, the assignee ("Assignee") in the Assignment for the Benefit of Creditors of Prime Poultry Corporation, hereby opposes plaintiff's request for an order establishing a procedure for dealing with the claims of the plaintiff and all other unpaid sellers who have claims arising under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2000 & Supp. 2001)(the "PACA"). In support of his opposition, the Assignee states as follows:

**BACKGROUND**

1. On February 10, 2005, Stewart F. Grossman accepted the appointment of Assignee under an Assignment for the Benefit of Creditors (the "Assignment") of Prime Poultry Corporation (the "Company").

2. Once appointed, the Assignee began collecting all assets of the Company in preparation of liquating them for the benefit of the Company's creditors.

3. On February 14, 2005, the Assignee then sent out a letter to all creditors of the Company informing them of the Assignment.

4. On our about February 18, 2005, the Assignee was made aware of this present motion filed by the plaintiff

## ARGUMENT

5. The Assignee opposes plaintiff's motion on the grounds that PACA adequately provides a detailed time and manner in which a PACA beneficiary can assert a claim against the PACA trust.[1]

6. Specifically, section 499e(c)(3) states:

> The unpaid supplier, seller or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary [of Agriculture]. . . .

7. An unpaid seller perfects his interest in the trust by filing a timely notice of his claim with the Secretary of Agriculture and with the debtor-broker. See 7 **U.S.C.S.** 499e(c)(3); see also Hiller Cranberry Prods., Inc. v. Koplovsky, 106 F. Supp. 2d 146 (D. Mass., 2000); Albee Tomato Co. v. Korea Commer. Bank of N.Y., 282 F. Supp. 2d 6 (D.N.Y., 2003)( Although a PACA protected trust is automatically created upon a merchant's receipt of perishable produce, PACA requires produce suppliers to perfect their rights in this trust).

8. On the present record, it is not clear that the plaintiff is perfected under the statute.

---

[1] Because there is controlling law on this issue, 7 U.S.C.S. 499e(c)(3), it is unnecessary to invoke Federal Rule 83.

9. Under plaintiff's present motion and proposed order, a PACA beneficiary that did not perfect its rights pursuant to section 499(e), would now be allowed a chance to do so. This would be in direct contravention of the statute.

10. Moreover, plaintiff has not presented sufficient evidence to demonstrate that plaintiff has perfected its claim pursuant to the statute. Although it appears that a form of notice of intent to preserve benefits under PACA was provided to the Company, there is no evidence that the plaintiff has provided written notice to the Secretary of Agriculture as required. See Hiller Cranberry Prods., Inc. v. Koplovsky, 106 F. Supp. 2d 146 (D. Mass., 2000); In re Milton Poulos, Inc., 947 F.2d 1351, 1353 (9th Cir., 1991); In re Marvin Properties, Inc., 854 F.2d 1183 (9th Cir., 1988)(The produce seller must give written notice directly to both the produce buyer and the Secretary of Agriculture).

11. Because plaintiff has failed to provided sufficient evidence that it is perfected, plaintiff's present motion should be denied.

12. For the foregoing reasons, the plaintiff, Cavendish Farms, Inc.'s Motion For Entry of Order Establishing PACA Claims Procedure should be denied in its entirety.

STEWART F. GROSSMAN,
ASSIGNEE IN THE ASSIGNEMENT
FOR THE BENEFIT OF
CREDITORS OF PRIME POULTYR
CORPORATION

By his attorneys,

/s/ P. Andy Henderson_____
Pamela A. Harbeson (BBO #561479)
P. Andy Henderson, Jr.(BBO#655891)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

CERTIFICATE OF SERVICE

      I, P. Andy Henderson, Jr. an attorney with the law firm of Looney & Grossman LLP, hereby certify that on February 28, 2005, I served a copy of the foregoing **Opposition to Plaintiff's Motion for Entry of Order Establishing PACA Procedure** via first class mail on the following:

> Paula Bonnell, Esq.
> Paula Bonnell Professional Corporation
> 50 Congress Street, Suite 840
> Boston, MA 02109

      /s/ P. Andy Henderson_____
      P. Andy Henderson Jr., Esq.